IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| OHIO SAVINGS BANK, | ) | CASE NO. 1:05 CV 2909 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| BUCKHEAD COMMUNITY BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM OPINION AND ORDER** |

This matter is before the Court on the Motions for Summary Judgment filed by Plaintiff, Ohio Savings Bank (Docket #25), and Defendant, Buckhead Community Bank (Docket #15). Plaintiff, Ohio Savings, seeks damages from Buckhead which it claims resulted from Buckhead's alleged breach of a Master Correspondent Loan Purchase Agreement ("Master Agreement"). Specifically, Ohio Savings claims that Buckhead breached the representations and warranties of the Master Agreement in providing Ohio Savings with a property appraisal that contained false and/or contradictory information. Ohio Savings seeks recovery for damages resulting from the alleged breach of contract, as well as attorney fees and costs. Ohio Savings also argues that Buckhead acted negligently and/or recklessly with regard to its duties under the Master

Agreement.

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

## CONCLUSION

Based upon a thorough review of the briefs submitted by the Parties, as well as the documentation submitted by the Parties in support thereof, genuine issues of material fact exist which make summary judgment as to Count I and Count II of Plaintiff's Complaint inappropriate

in this case. Accordingly, the Motions for Summary Judgment filed by Plaintiff, Ohio Savings Bank (Docket #25), and Defendant, Buckhead Community Bank (Docket #15), as they relate to Counts I and II of the Complaint, are hereby DENIED.

Count III of the Complaint alleges negligence and/or recklessness relative to Buckhead's performance under the terms of the Master Agreement. Buckhead argues that because Ohio Savings seeks only contract damages, the economic-loss rule bars such a claim. Ohio Savings has presented no evidence to the contrary. As the alleged breach of duty in this case arises solely under the Master Agreement, summary judgment in favor of Buckhead is appropriate as to Count III of the Complaint.

A bench trial is scheduled to begin March 5, 2007 at 8:30 a.m. as to Counts I and II of the Complaint.

IT IS SO ORDERED.

DATED: January 30, 2007

DONALD C. NUGENT
United States District Judge